In re J.F. NAYLOR AND COMPANY, INC. (EIN 72–0512350), Debtor.

J.F. NAYLOR AND COMPANY, INC., Plaintiff,

v.

MECHANICAL SHEET METAL, INC., Defendant and Third Party Plaintiff.

TUDOR CONSTRUCTION COMPANY, et al., Third Party Defendants and Third Party Plaintiffs,

v.

J.F. NAYLOR AND COMPANY, INC., et al., Third Party Defendants.

Bankruptcy No. 85–01231.
Adv. No. 85–0194.

United States Bankruptcy Court, M.D. Louisiana.

Sept. 30, 1986.

Charles S. McCowan, Jr. and Gary A. Bezet, Baton Rouge, La., for J.F. Naylor and Co., Inc. (debtor/plaintiff and third party defendant).

Michael J. Harig, Baton Rouge, La., for Mechanical Sheet Metal, Inc. (defendant and third party plaintiff).

Bryan McDaniel, Baton Rouge, La., and Michael S. Tudor, Alexandria, La., for Tudor Const. Co. (third party defendant and third party plaintiff).

## REASONS FOR ORDER DENYING MOTION FOR INTERVENTION, DENYING MOTION FOR INJUNCTION PENDING DETERMINATION OF INTERVENTION, AND AMENDING PRIOR ORDER

WESLEY W. STEEN, Bankruptcy Judge.

The factual background of this case is set forth in considerable detail in pleading 103, "Determination of Entitlement to Interpleader Relief" dated August 26, 1986, 67 B.R. 184. In substance, Swaggert Ministries (Owner) employed Tudor Construction (General Contractor) to perform certain work; General Contractor employed Naylor as a sub-contractor. Naylor employed materialmen and sub-sub-contractors. Owner has paid Tudor in full; Tudor owes a substantial sum (probably exceeding $150,000) to Naylor; materialmen and sub-contractors assert claims against Naylor, Tudor, and the bonding companies in excess of the retainage.

Three different contracts and constructions were involved. Tudor asserts a right to offset deficiencies on one job against sums due on another; Naylor disputes that right; the positions of the bonding companies regarding that issue have not been established. Capital Bank & Trust Co. asserts an assignment of accounts receivable that it alleges is superior to the claims of the lien claimants and the bonding companies. The bonding companies assert a right that they allege to be superior to those of Capital, Naylor, and the lien claimants on account of legal and conventional rights of subrogation and indemnity.

Tudor had originally asked for injunctions against lien claimants proceeding against the bonding companies in state court. The lien claimants asserted an independent right to proceed against the bonding companies.

In a prior order the Court declined to enjoin the lien claimants from proceeding against the bonding companies for reasons set forth in the written reasons provided. It should be noted that in the prior hearing

the bonding companies had objected to the exercise of interpleader relief under any circumstances. The instant decision involves the bonding companies' having moved to intervene as interpleader complainants seeking the very relief that Tudor sought on their behalf in the prior decision.

■ The prior opinion tentatively concluded that the Court had jurisdiction over claims by lien claimants against the bonding companies as proceedings that were related to a case under title 11 because the obligations of indemnity and obligations to keep the job lien-free probably mean that determination of lien claimants' entitlements directly impact retainage and thus property of the estate.[1] Faced now directly with the issue, the Court concludes that there is jurisdiction over these proceedings as proceedings related to a case under title 11. However, for the reasons set forth in the prior opinion, the Court concludes that abstention is appropriate.

*Pearlman*[2] apparently concludes that when lien claims exceed retainage the Debtor subcontractor has no right to the retainage. This proceeding is more complex because of the existence of setoff rights from one job against another and the assertion of an assignment of retainage superior to the right of the bonding companies and lien claimants. But there appears no sufficient reason why the lien claimants *vis a vis* the bonding companies should be burdened with these complexities. One reason asserted by the bonding companies is the potential for inconsistent adjudication if the lien claimants are successful in litigation against the bonding companies, and if the latter are unsuccessful in asserting these same rights against Naylor/Tudor and the retainage through subrogation

and indemnity; given the undisputed indemnity rights asserted by the bonding companies, this possibility appears very remote indeed. A second ground asserted by the bonding companies is the need for a central forum to avoid multiplicious litigation of the same fact issues. This Court is not convinced that common issues of fact predominate. To the contrary, it would appear that the common issues are not substantially disputed and that the disputed issues are likely unique: authorization of extra work, quality of work, completion of subcontracted work, compliance with contractual standards, *etc.*

The claim of the lien claimants against the bonding companies is not a direct claim against the retainage which is property of the estate;[3] the jurisdiction of district court is not exclusive as it would be over property of the estate.[4] State law gives an independent right of action by the lien claimant against the bonding company.[5] Out of respect for this state law,[6] I conclude that abstention is appropriate. I also conclude that the interests of justice[7] would be better served if the lien claimants were not embroiled in the unusual complexity of claims against the retainage and the bonding companies were subrogated to those claims and the vicissitudes, if any, of that litigation; therefore, I recommend abstention on that ground as well.

1. See *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir., 1984); *In re Bobroff*, 766 F.2d 797 (3rd Cir., 1985). Counsel for the bonding companies have cited several other opinions and substantial jurisprudence to the same effect.

2. *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962).

3. *Georgia Pacific v. Sigma Service Corp.*, 712 F.2d 962 (5th Cir., 1983).

4. 28 U.S.C. § 1334(d).

5. La.R.S. 9:4813.

6. 28 U.S.C. § 1334(c)(1).

7. *id.*